# Applicability of 3 U.S.C. § 112 to Detailees Supporting the President's Initiative on Race

3 U.S C. § 112 does not apply to the details of employees to support the President's Initiative on Race.

August 1, 1997

MEMORANDUM OPINION FOR THE DEPUTY ASSISTANT ATTORNEY GENERAL
JUSTICE MANAGEMENT DIVISION

You have asked us whether 3. U.S.C. § 112 will require the White House to reimburse the Department of Justice ("DOJ") and other agencies for details of employees to support the President's Initiative on Race.[1] On July 24, 1997, we advised you orally that § 112 would not apply to these details. This memorandum sets forth our reasoning.

As explained to us by the White House Counsel and by your office, the President's Initiative on Race will be supported by a Presidential Advisory Committee, known as the President's Advisory Board on Race, and by an Initiative staff headed by an Executive Director. The Board has been chartered by the DOJ, and the entire staff of the Initiative is to be detailed to DOJ. The Initiative staff's functions can be divided into two categories. The staff will provide administrative services, research, and other support to the President's Advisory Board on Race. The Initiative staff will also undertake activities apart from its support of the Board. These latter activities will further the President's Initiative on Race, but will not be at the behest of or for the use of the Advisory Board. The current plan calls for the Initiative staff to be housed in the White House complex and to have frequent interaction with White House staff.

Section 112 of title 3 requires any covered White House office[2] to which an employee has been detailed to reimburse the detailing agency for the pay of each employee

> (1) who is so detailed, and
> (2) who is performing services which have been or would otherwise be performed by an employee of such office,

> for any period occurring during any fiscal year after 180 calendar days after the employee is detailed in such year.

---

[1] *See* Memorandum for Dawn Johnsen, Acting Assistant Attorney General, Office of Legal Counsel, from Janis A. Sposato, Deputy Assistant Attorney General, Justice Management Division (June 20, 1997).

[2] The offices covered by § 112 are the White House Office, the Executive Residence at the White House, the Office of the Vice President, the Domestic Policy Staff, and the Office of Administration. 3 U.S.C. § 112.

3 U.S.C. § 112 (1994). Neither § 112 nor any other statute defines the term "detail." The Federal Personnel Manual, which has been discontinued, formerly defined a detail as "the temporary assignment of an employee to a different position for a specified period, with the employee returning to his regular duties at the end of the detail." Letter for Honorable William D. Ford, Chairman, Committee on Post Office and Civil Service, House of Representatives, B–224033, 1987 WL 101529 (C.G.) at *2 (Jan. 30, 1987). While the Initiative staff will be detailed to DOJ, they will be housed in the White House complex and will have daily interaction with White House staff. You have therefore asked us whether § 112 will apply to detailees serving on the Initiative staff.

We thus consider whether § 112 applies to details of agency employees to the Initiative staff to carry out Board and non-Board activities. Because such details will be details to DOJ rather than to the White House, we have concluded that § 112 will not apply in either case.

## I. Board Activities

The President's Advisory Board on Race is a presidential advisory committee chartered by the Attorney General pursuant to the Federal Advisory Committee Act ("FACA"), 5 U.S.C. app. 1 (1994). *See* Exec. Order No. 13050, 62 Fed. Reg. 32,987 (1997). FACA provides that an agency is "responsible for providing support services for each advisory committee established by or reporting to it unless the establishing authority provides otherwise." 5 U.S.C. app. 1, § 12(b). FACA thus requires DOJ to fund the support of the Advisory Board, including support provided to the Board by the Initiative staff. If other agencies provide services to the Board beyond the participation of agency representatives[3] or the provision of information, DOJ would reimburse those agencies. Services of a detailed agency employee in support of the Advisory Board will thus support a DOJ function rather than a White House function. Because those services will not be in support of the White House, the employees will not be detailed to the White House and § 112 will not apply.

## II. Non-Board Activities

As you have described them to us, the Initiative's non-Board activities can be characterized as an interagency venture on race. The Initiative staff will investigate and evaluate programs and policies in a variety of areas, including criminal justice, housing, education, employment, and health. The Initiative staff is likely to include representatives and detailees from several agencies, including the Departments of

---

[3] An "agency representative" is an agency employee who represents his or her home agency on a task force or working group. *See* U S General Accounting Office, Personnel Practices· Schedule C and Other Details to the Executive Office of the President at 14 (Nov. 6, 1992).

Justice, Education, Housing and Urban Development, Labor, Treasury, and Health and Human Services.

The Department of Justice plans to fund the support of this interagency venture. While section 613 of the most recent Treasury appropriation prohibits "interagency financing" of such ventures — i.e. support from more than one agency or instrumentality — absent specific statutory authority,[4] it does not "prevent a single agency with *a primary interest* in the success of [an] entire interagency venture from picking up the total cost."[5] *In Re: U.S. Equal Employment Opportunity Commission Funding of Federal Executive Boards*, B–219795, 1986 WL 64098 (C.G.) at *2 (Sept. 29, 1986) (emphasis added) (one agency can pay for a Federal Executive Board ("FEB") banquet, but banquet cannot be funded on a per capita basis). "However, in order to justify an expenditure of appropriated funds for an interagency venture, an agency must have *a substantial stake in the outcome* of the interagency endeavor and the success of the interagency venture *must further the agency's own mission, programs or functions*. . . . [I]f more than one agency has an equal stake in the success of the venture, an agreement must be reached as to which one will assume the total burden." 67 Comp. Gen. at 29. (emphasis added).

The Department therefore may use its appropriated funds to cover the expenses of the Initiative's non-Board activities if it has a "substantial stake" in the outcome of those activities and that outcome will further DOJ's own mission, programs, or functions. You have advised us that the Department has so concluded and that the Initiative staff will be detailed to the Civil Rights Division; thus, there does not appear to be any question that this condition is satisfied.[6] Employees detailed to support those activities will be performing functions of DOJ rather than the White House. Accordingly, the employees will not be "detailed" to the White House and § 112's restrictions will not apply.

---

[4] Section 613 states:

No part of any appropriation contained in this or any other Act shall be available for interagency financing of boards (except Federal Executive Boards), commissions, councils, committees, or similar groups (whether or not they are interagency entities) which do not have a prior and specific statutory approval to receive financial support from more than one agency or instrumentality.

Treasury, Postal Service, and General Government Appropriations Act, 1997, Pub. L. No. 104–208, § 613, 110 Stat. 3009–314, 3009–356 (1996). Mere agency participation in an interagency group, such as attendance at interagency meetings and is not constitute financial support of the interagency venture as a separate entity or organization and is not prohibited by section 613 *See* 67 Comp Gen. 27, 29 (1987)

[5] *See* 67 Comp. Gen. at 28, 65 Comp Gen. 689, 692 (1986) (one agency can support FEB). The predecessors to section 613 applied to Federal Executive Boards.

[6] If this condition were not satisfied, the use of the Department's appropriation would violate *31 U.S.C* § 1301(a) (1994), which restricts the use of appropriations to "the objects for which the appropriation[ ] w[as] made." Section 613 does not provide authority for the Department to expend funds on activities that are not already authorized by an existing appropriation. *Cf* Memorandum for Jay B Stephens, Special Counsel to the Assistant Attorney General, Criminal Division, from Ralph W. Tarr, Deputy Assistant Attorney General, Office of Legal Counsel at 6 n.8 (Nov 5, 1982) (31 U.S.C § 691, now codified at 31 U.S.C § 1346, does not independently authorize expenditures on interagency committees not otherwise authorized). If you concluded that the condition was somehow not satisfied, we would be prepared to address the permissible alternatives for funding the Initiative's non-Board activities

## III. Conclusion

Section 112 will not apply to a detailee's service on the Initiative in support of the Advisory Board on Race because FACA authorizes DOJ, which established the advisory committee, to provide support to the Board. Detailees supporting the Board will therefore provide services to DOJ and not to the White House. Section 112 will not apply to a detailee's services in support of the Initiative's non-Board activities if DOJ can lawfully use its appropriations to support the non-Board activities and if the Department is the single agency designated to provide that support.

RICHARD L. SHIFFRIN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*